UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-06007-JLS-JPR　　　　　　　　　　　　Date: August 12, 2024
Title: Golnaz Afgo Ahmadi v. Mercedes-Benz USA, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

　　Plaintiff filed this lemon-law action in Los Angeles County Superior Court, alleging that Defendant violated the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and other state laws.  (Compl., Doc. 1-2 ¶¶ 18–47.)  Defendant timely removed this action, invoking this Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a), 1446(b)(1); (NOR, Doc. 1 ¶ 32.)

　　To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(d).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-06007-JLS-JPR                                Date: August 12, 2024
Title:  Golnaz Afgo Ahmadi v. Mercedes-Benz USA, LLC et al

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*"  *Id.* (quoting *Dart*, 574 U.S. at 87).

The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees.  Cal. Civ. Code § 1794(a)–(d).

Here, Plaintiff's complaint does not specify the amount of damages sought, so Defendant was obligated to plausibly allege the amount in controversy.  (*See generally* Compl.; *see* NOR ¶ 14.)  Plaintiff alleges that, on August 28, 2022, he **leased** the subject vehicle.  (Compl. ¶ 4 (emphasis added).)  But in removing this action, Defendant contends that Plaintiff "***purchased***" the subject vehicle (NOR ¶ 16 (emphasis added)) and bases its amount-in-controversy estimate solely on the subject vehicle's MSRP (*id.* ¶¶ 17, 21).  The MSRP of a vehicle does not indicate the amount of actual damages Plaintiff has incurred—*i.e.*, the amount of money paid or payable under the lease agreement.

Therefore, the Court *sua sponte* questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*."  *Id.* at 762 (emphasis added).  Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response. No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **five (5) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: cr